UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

SAMANTHA HENDERSON,

    Plaintiff,

vs.

FLORIDA INVESTMENT PARTNERS
GROUP LLC, a Florida limited liability
company, d/b/a Microtel Inn & Suites,

    Defendant.

_____/

**Jury Trial Demanded**

## COMPLAINT

The plaintiff, SAMANTHA HENDERSON, by her undersigned attorney, makes the following Complaint against the defendant, FLORIDA INVESTMENT PARTNERS GROUP, LLC:

1. This is an action to redress violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

### Parties

2. The plaintiff, SAMANTHA HENDERSON ("Henderson"), is and at all times relevant to this Complaint was an adult resident of Florida.

3. The defendant, FLORIDA INVESTMENT PARTNERS GROUP, LLC, d/b/a Microtel Inn & Suites (hereinafter "Microtel") is a limited liability company organized and doing business pursuant to the laws of the State of Florida with a principal place of business in Ocala, Florida.

4.      At all times relevant to this Complaint, Microtel had 15 or more employees on each working day in each of 20 or more calendar weeks.

## Jurisdiction and Venue

5.      Plaintiff's claims to redress violations of Title VII arise under federal law. This court has jurisdiction of those claims pursuant to 42 U.S.C. § 2000e–5(f)(3) and 28 U.S.C. § 1331.

6.      This court has supplemental jurisdiction of Plaintiff's claims arising under the FCRA pursuant to 28 U.S.C. § 1367 because the federal and state claims are so related that they form part of the same case or controversy.

7.      The claims asserted in this action arose within this district and the alleged statutory violations occurred in this district. Venue of this action is proper pursuant to 42 U.S.C. § 2000e–5(f)(3) and 28 U.S.C. § 1391.

## Procedural Requirements

8.      Henderson filed a timely Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") on or about April, 2018 alleging sex discrimination (sexual harassment) and retaliation by Microtel. The Charge of Discrimination was cross-filed with the Florida Commission on Human Relations. The Charge of Discrimination alleged facts giving rise to the same claims brought in this action. The EEOC assigned charge number 510-2018-04116 to Henderson's administrative proceeding.

9.      The EEOC investigated Henderson's charge and ultimately determined that the evidence obtained in the investigation established reasonable cause to believe that Henderson was discriminated against because of her sex, in violation of Title VII of the Civil Rights Act of 1964.

10. The EEOC issued and mailed a Notice of Right to Sue letter with regard to Henderson's Charges of Discrimination on or about July 27, 2021. A copy of the Notice is attached as Exhibit A.

11. Henderson commenced this action within 90 days of the EEOC's issuance and mailing of its Notice of Right to Sue.

12. All other conditions precedent to the filing of this action have been performed or waived.

### General Allegations

13. Henderson is a female.

14. At all times relevant to this Complaint, Microtel operated a hotel and related amenities in Ocala, Florida.

15. Beginning in approximately January 2018 and until her termination on approximately April 7, 2018, Microtel employed Henderson as a front desk clerk, general manager and then front desk manager in its hotel.

16. Henderson consistently performed her job duties to the satisfaction of her employer.

17. On a regular and frequent basis during the course of Henderson's employment, Henderson's male supervisor, Afzal Rasool, the owner and manager of Microtel, used the shared work computer to view pornographic websites. Rasool purposely left the computer's internet browser open so that Henderson would see the illicit content that he was viewing.

18. On a regular and frequent basis during the course of Henderson's employment, Rasool pressured Henderson to travel alone with him for the purpose of "training." Henderson made it clear to Razool that she felt uncomfortable traveling alone

with him, particularly at night, and declined his request. After she declined Rasool's request to travel with him to another hotel, Henderson was immediately demoted from her position of General Manager to Front Desk Manager.

19. On a regular and frequent basis during the course of Henderson's employment, another Microtel employee named, Keywal "Mohammed" Ramuth, subjected Henderson to offensive, degrading and insulting sexual harassment, including but not limited to:

    a. inappropriate comments about Henderson's body such as calling her a "sexy motherfucker", a "curvy woman with a sexy body", a "sexy ass mom", and a "curvy fucking Latina";

    b. similar inappropriate comments by Ramuth to Henderson about other female employees;

    c. an inappropriate comment and sexual advance by suggesting to Henderson that she "eat the banana between my (Ramuth's) legs."

20. Rasool and Ramuth's above-described behavior was so severe and pervasive that it created a hostile, intimidating, and abusive work environment that made it substantially more difficult for Henderson to perform her work.

21. Henderson did not welcome or invite any of the above-described conduct and she made it clear to Rasool and Ramuth that their conduct was unwelcome.

22. Although the above conduct was unwelcome, Henderson initially tolerated it because she needed income and feared that she would lose her job if she reported this sexual harassment.

23. After Ramuth's disgusting banana comment, Henderson reported that behavior to her manager, Seemab Qureshi. Rather than conducting an investigation and

remedying the situation, Ms. Qureshi made light of the situation and told Henderson, "Mohammed plays this way." Henderson advised Qureshi that she did not want Ramuth near her. Despite her complaints and her request to work in environment away from Ramuth, nothing was done.

24. On April 7, 2018, because Henderson felt uncomfortable and unsafe working for Microtel, she put in her two week's notice. In response, Microtel immediately terminated Henderson's employment.

### First Claim: Sexual Harassment in Violation of Title VII
### (42 U.S.C. § 2000e-2)

25. Henderson realleges and incorporates the allegations made in paragraphs 1 to 24 of this Complaint.

26. Henderson was sexually harassed in her workplace because of her gender.

27. The sexual harassment that Henderson experienced created a hostile work environment that unreasonably interfered with her work performance.

28. Henderson was subjected to quid pro quo sexual harassment at her workplace when her supervisor demoted her because she refused to travel alone with him to another hotel.

29. Microtel was aware that Henderson was being victimized by sexual harassment and that the sexual harassment was creating a hostile work environment, but took no effective action to correct the problem.

30. Microtel's participation in and tolerance of sexual harassment of Henderson was an unlawful employment practice that violated 42 U.S.C. § 2000e-2(a).

31. The sexual harassment of Henderson by Microtel was intentional, outrageous, and malicious.

32. As a direct, substantial, and proximate result of the sexual harassment described in this Complaint, Henderson suffered a loss of wages, benefits and has suffered and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Second Claim: Sexual Harassment in Violation of FCRA
### (Fla. Stat. § 760.10(1))

33. Henderson realleges and incorporates the allegations made in paragraphs 1 to 24 of this Complaint.

34. Henderson was sexually harassed in her workplace because of her gender.

35. The sexual harassment that Henderson experienced created a hostile work environment that unreasonably interfered with her work performance.

36. Henderson was subjected to quid pro quo sexual harassment at her workplace when her supervisor demoted her because she refused to travel with him to another hotel under the guise of "training."

37. Microtel was aware that Henderson was being victimized by sexual harassment and that the sexual harassment was creating a hostile work environment, but took no effective action to correct the problem.

38. Microtel's participation in and tolerance of sexual harassment of Henderson was an unlawful employment practice that violated Fla. Stat. § 760.10(1)(a).

39. The sexual harassment of Henderson by Microtel was intentional, outrageous, and malicious.

40. As a direct, substantial, and proximate result of the sexual harassment described in this Complaint, Henderson suffered a loss of wages, benefits and has suffered

and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Third Claim: Retaliation in Violation of Title VII
### (42 U.S.C. § 2000e-3)

41.     Henderson realleges and incorporates the allegations made in paragraphs 1 to 24 of this Complaint.

42.     Henderson engaged in activity protected by Title VII by opposing unlawful discrimination each time she complained to her supervisor and Microtel management about sexual harassment in her workplace.

43.     Henderson made her complaints in the good-faith belief that the harassment she experienced constituted unlawful sex discrimination.

44.     Microtel discriminated against Henderson in violation of 29 U.S.C. § 2000e-3(a) by taking adverse actions against her because she engaged in the protected activity described above.

45.     Microtel retaliation against Henderson because she engaged in protected activity was intentional, outrageous, and malicious.

46.     As a direct, substantial, and proximate result of Microtel's retaliation, Henderson suffered a loss of wages and benefits and has suffered and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

### Fourth Claim: Retaliation in Violation of FRCA
### (Fla. Stat. § 760.10(7))

47.     Henderson realleges and incorporates the allegations made in paragraphs 1 to 24 of this Complaint.

48. Henderson engaged in activity protected by the FCRA by opposing unlawful discrimination each time she complained to her supervisor and Microtel management about sexual harassment in her workplace.

49. Henderson made her complaints in the good-faith belief that the harassment she experienced constituted unlawful sex discrimination.

50. Microtel discriminated against Henderson in violation of Fla. Stat. § 760.10(7) by taking adverse actions against her because she engaged in the protected activity described above.

51. Microtel's retaliation against Henderson because she engaged in protected activity was intentional, outrageous, and malicious.

52. As a direct, substantial, and proximate result of Microtel's retaliation, Henderson suffered a loss of wages and benefits and has suffered and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

## Relief Requested

WHEREFORE, Plaintiff SAMANTHA HENDERSON requests the entry of judgment against Defendant FLORIDA INVESTMENT PARTNERS GROUP, LLC as follows:

    a. For an award of lost wages, tips and benefits in an amount to be determined at trial;

    b. For an award of compensatory damages in an amount to be determined at trial;

    c. For an award of punitive damages in an amount to be determined at trial;

      d.      For an award of actual costs and a reasonable attorney's fee as authorized by Fla. Stat. § 760.11(5) and 29 U.S.C. § 2000e-5(k); and

      e.      For such other and further relief as is just and necessary.

**Plaintiff demands a trial by jury.**

Dated: October 8, 2021
Plantation, Florida

                                    Respectfully submitted,

                                    */s/ Robert S. Norell*
                                    Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                    E-Mail: rob@floridawagelaw.com
                                    **ROBERT S. NORELL, P.A.**
                                    300 N.W 70th Avenue
                                    Suite 305
                                    Plantation, Florida 33317
                                    Telephone: (954) 617-6017
                                    Facsimile: (954) 617-6018
                                    *Counsel for Plaintiff*